IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| WILLIAM T. HERBAUGH, et al., | ) |
| | ) Civil Action No. 5:15cv71 |
| Plaintiffs, | ) |
| v. | ) |
| | ) By: Michael F. Urbanski |
| BANK OF AMERICA, N.A., et al., | ) United States District Judge |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

In this contract action, Plaintiffs William T. Herbaugh and Karen L. Herbaugh (collectively the "Herbaughs") allege Defendants Bank of America, N.A. ("BANA") and Federal National Mortgage Association ("Fannie Mae") repeatedly violated the terms of a deed of trust and promissory note as a result of their failure to provide proper cure notice and requiring the Herbaughs to make their next month's payment prior to accelerating the Herbaughs' mortgage loan. Count I alleges Defendants' actions breached the explicit terms of the deed of trust and promissory note.[1] Count II alleges the same conduct amounts to breaches of the duty of good faith and fair dealing.

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants move to dismiss Counts I and II, arguing the Herbaughs' claims are (1) time-barred, (2) barred by res judicata, and (3) fail to allege facts sufficient to state a claim on either count.

The Court held a hearing on April 20, 2016. For the reasons set forth below, both Counts I and II are time-barred. Accordingly, Defendants' motion to dismiss, ECF No. 25, is **GRANTED** and this case **DISMISSED with prejudice**.

I.

---

[1] To be clear, both Counts alleges that a series of actions taken by the Defendants amount to multiple breaches of the contract and of the duty of good faith and fair dealing.

1

On November 7, 2005, the Herbaughs purchased a home at 58 Woodhaven Way, Linden, Virginia 22642, in Warren County (the "Property"). ECF No. 16, ¶¶ 5–6. On the same day, the Herbaughs entered a mortgage loan agreement (the "Loan") with Cerdent Mortgage Corporation ("Cerdent") and agreed to a promissory note (the "Note") secured by a deed of trust (the "Deed of Trust"). Id. at ¶ 6. The Deed of Trust was recorded in Warren County Circuit Court and appointed John P. Kromer ("Kromer") trustee. Id. Cerdent assigned the note to BANA. Id. at ¶ 7. Fannie Mae backed and controlled servicing of the Loan. Id. at ¶ 8. Plaintiffs explain that at the time of the alleged breach, either BANA or Fannie Mae held the note. Id. at ¶ 9.

Paragraph 6(C) of the Note contained the following provision related to notice prior to acceleration:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

Id. at ¶ 10, ECF No. 26—1, ¶ 6.[2]

Paragraph 22 of the Deed of Trust contained a similar requirement:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument.
>
> The notice shall specify (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date of notice given to the Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security

---

[2] The Herbaughs' amended complaint contains neither a copy of the Deed of Trust nor the Promissory Note; it only includes descriptions and excerpts from these documents. Attached to Defendants' brief in support of their motion to dismiss, ECF No. 26, are copies of both documents. In ruling on a motion to dismiss, the court may consider documents attached to briefs that "are integral to the complaint and authentic." Philips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009). The documents attached to Defendants brief, ECF Nos. 26–1 and 26–2, comport with the description in the Herbaughs' complaint. These are the very contracts that the Herbaughs allege give rise to this case and, therefore, are integral to the complaint. Accordingly, the court will consider the copies of the Deed of Trust and Note attached to Defendants brief.

2

> Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including but not limited to, reasonable attorney's fees and costs of title evidence.

ECF Nos. 16, ¶ 11, 26—2, ¶ 22. In sum, paragraph 6(C) of the Note and paragraph 22 of the Deed of Trust (hereinafter the "Acceleration Clauses") require that notice be provided to the Herbaughs 30 days or more prior to the Defendants' acceleration of the Loan and sale of the Property.

The Herbaughs received documents from BANA that purported to comply with the notice provisions in the Acceleration Clauses. Id. at ¶ 13. The Herbaughs allege that because these documents were backdated and required payment of the next month's rent to prevent acceleration and foreclosure, the notices are faulty. Id. at ¶ 13.[3]

BANA substituted Samuel I. White P.C. ("White") for Kromer as trustee of the Deed of Trust and instructed White to foreclose on the Herbaughs' home. Id. at ¶ 15. White advertised in a Warren County newspaper that a foreclosure sale of the Property was to occur on February 16, 2010. Id. at ¶ 18. The Herbaughs learned of the pending foreclosure of their home through this advertisement. ECF No. 16—3. At the February 16, 2010 foreclosure sale, BANA offered the highest bid. ECF No. 16, ¶ 20. On February 16, 2010, White and BANA executed a trustee's deed conveying the Property to Fannie Mae. Id. at ¶ 23. On September 17, 2010, White recorded the

---

[3] At the hearing held on April 20, 2016, counsel for the Herbaughs explained that the allegations contained in the amended complaint do not stem from knowledge of notices actually received by the Herbaughs or memory of such notices. Instead, the allegations arise from the assertion that BANA systematically backdated notice letters related to Acceleration Clauses. The Herbaughs' complaint contains neither the letter(s) that purported to provide notice, nor any information as to when the letter(s) were received.

3

trustee's deed in Warren County Circuit Court. Id. at ¶ 26. BANA made multiple reports to credit agencies indicating that the Property had been lawfully foreclosed upon. Id. at ¶ 27.

In October 2010, a Fannie Mae representative explained to the Herbaughs that the Property had been purchased by Fannie Mae from BANA at a courthouse auction. ECF No. 16—3. Thereafter, the Herbaughs allege that they contacted BANA and Fannie Mae separately to determine which entity owned the Property. Id. Fannie Mae advised that BANA owned the Property, but BANA indicated the Property was sold to Fannie Mae. Id. In spring of 2011, Jeanette Campbell ("Campbell"), with Fannie Mae Cash for Keys, issued an eviction notice to the Herbaughs. Id. Campbell advised the Herbaughs that Fannie Mae's sale of the Property was stayed as Fannie Mae had agreed to "work with [the] mortgage." Id. Campbell instructed the Herbaughs to contact White. Id. Stephanie Gates, an employee of White, advised that White had not handled any documents regarding the Property since 2010. Id. The Herbaughs allege through January of 2012, BANA sent correspondence indicating that until April 30, 2012, an agreement could be reached allowing the Herbaughs could retain possession of the Property. Id.

On March 12, 2012, Fannie Mae filed an unlawful detainer action in Warren County General District Court seeking to evict the Herbaughs from the Property. ECF No. 16, ¶ 29. The General District Court ruled in favor of Fannie Mae. Id. at ¶ 32. The Herbaughs appealed the case to Warren County Circuit Court. Id. at ¶ 33. During the course of the appeal, Fannie Mae and the Herbaughs entered a consent order whereby the Herbaughs agreed to vacate the Property by January 1, 2014. Id. at ¶ 35. The Herbaughs filed suit in Warren County Circuit Court on September 17, 2015, alleging that Defendants failed to comply with the notice provisions of the Acceleration Clauses, giving rise to claims of breach of contract and breach of the covenant of good faith and fair dealing. The case was subsequently removed to federal court.

**II.**

4

To survive a motion to dismiss, a complaint must contain sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. When ruling on a motion to dismiss, the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). While the court must accept as true all well-pled factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments.") (internal quotation marks omitted). Thus, in order to survive a motion to dismiss, the complaint must present sufficient nonconclusory factual allegations to support a reasonable inference that the plaintiff is entitled to relief and the defendant is liable for the unlawful act or omission alleged. See Francis v. Giacomelli, 588 F.3d 186, 196-197 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678-79, and Gooden v. Howard Cnty., Md., 954 F.2d 960, 969-70 (4th Cir. 1992) (en banc)). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

The statute of limitations is an affirmative defense that may be raised on a Fed. R. Civ. P. 12(b)(6) motion. U.S. v. Kivanc, 714 F. 3d 782, 789 (4th Cir. 2013). However, Defendants can only

5

prevail if the face of the Herbaughs' complaint reveals that the action is time-barred. Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007)(citing Richmond, Fredericksburg, & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).

## III.

In determining whether Counts I and II are time-barred, the court must decide: (1) whether Va. Code § 8.01-246(2)'s five year statute of limitations or Va. Code § 8.01-241's ten year statute of limitations applies to the Herbaughs' claims, (2) whether Defendants' have pled facts that could plausibly invoke a tolling period pursuant to Va. Code § 8.01-229(D)(ii); and (3) when the Herbaughs' cause of action accrued. In Virginia, an action for breach of the duty of good faith and fair dealing is an action for breach of contract. Charles E. Brauer Co. v. NationsBank of Va., N.A., 251 Va. 28, 33, 466 S.E. 2d 382, 385 (1996). Because Count II for violation of the duty of good faith and fair dealing is premised on the exact same behavior at issue in Count I, an identical statute of limitation analysis applies to both Counts.

As noted in Arrington v. Peoples Sec. Life. Ins. Co., 250 Va. 52, 55, 458 S.E.2d 289, 290-91 (1995):

> Statutes of limitations are strictly enforced and exceptions thereto are narrowly construed. Consequently, a statute should be applied unless the General Assembly clearly creates an exception, and any doubt must be resolved in favor of the enforcement of the statute.

As explained below, Va. Code § 8.01-246(2) provides the relevant statute of limitations, and the Herbaughs do not plead facts sufficient to invoke a tolling period. Therefore, under the five year statute of limitations, any contract claim accruing before September 17, 2010 is time-barred. Because amended complaint makes clear that any cause of action related to pre-acceleration notice accrued by the date of foreclosure, February 16, 2010, Counts I and II[4] are time-barred.

---

[4] In addition to being time-barred, Count II fails to state a claim as a matter of law because the duty of good faith and fair dealing does not apply to contracts related to the transfer of interest in real property and cannot proceed as an

6

**A.**

The Herbaughs contend that Va. Code § 8.01-241 applies to this case, providing the Herbaughs with a ten year statute of limitations for claims related to the Deed of Trust. Va. Code § 8.01-241, titled "Limitation of enforcement of deeds of trust, mortgages and liens for unpaid purchase money" reads in part:

> A. No deed of trust or mortgage heretofore or hereafter given to secure the payment of money, and no lien heretofore or hereafter reserved to secure the payment of unpaid purchase money, shall be enforced after 10 years from the time when the original obligation last maturing thereby secured shall have become due and payable according to its terms and without regard to any provision for the acceleration of such date; provided that the period of one year from the death of any party in interest shall be excluded from the computation of time.

In support of its position, the Herbaughs provide no cases applying § 8.01-241 to contract actions brought by debtors. Though § 8.01-241 references deeds of trusts, courts have applied the statute only in the context of claims brought by creditors. See, e.g., In Re Tederick, No. 14–10971, 2015 WL 1594096, *1-2 (E.D. Va. Apr. 7, 2015); Benkahla v. White, 82 Va. Cir. 116, *5 (Va. Cir. Ct. Jan. 18, 2011). § 8.01-241 applies to claims for unpaid purchase money and is within the article titled "Limitations on Recovery of Realty and Enforcement of Certain Liens Relating to Realty." Therefore, considering the plain language of the statute and its place within the statutory framework, the court concludes that Va. Code § 8.01-241 does not supplant the statute of limitations for breach of a written contract. By the terms of their own amended complaint, the Herbaughs allege breach of written contract. Thus Va. Code § 8.01-246(2)'s five year statute of limitations applies to this case.

**B.**

---

independent claim. Jones v. Fulton Bank, N.A., 565 Fed. Appx. 251, 253 (4th Cir. 2014); Cook v. CitiFinancial, Inc., No. 3:14–cv–7, 2014 WL 2040070, *6 (W.D. Va. May 16, 2014); Belote v. Bank of America, N.A., No. 3:12–cv–526, 2012 WL 6608973, *7 (E.D. Va. Dec. 18, 2012); Matanic v. Wells Fargo Bank, N.A., No. 3:12-cv-472 2012 WL 4321634, *7 (E.D. Va. Sept. 19, 2012); Harrison v. U.S. Bank, N.A., No. 3:12–cv–224, 2012 WL 2366163, *2-3 (E.D. Va. June 20, 2012).

7

The Herbaughs allege the running of the statute of limitations should be tolled from February 16, 2010 to 2011 because the Defendants obstructed the Herbaughs from gleaning information regarding the ownership of the Property, thereby invoking Va. Code § 8.01-229(D)(ii). ECF No. 16, ¶ 28. § 8.01-229(D)(ii) reads in part:

> Obstruction of filing by defendant.—When the filing of an action is obstructed by a defendant's… (ii) using any other direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought.

Fraudulent concealment "must consist of affirmative acts of misrepresentation," must be of the character which involves moral turpitude, and "must have the effect of debarring or deterring the plaintiff from his action." Newman v. Walker, 270 Va. 291, 298, 618 S.E. 2d 336, 339-40 (2005). Only acts "designed or intended" to obstruct the filing of a lawsuit can give rise to fraudulent obstruction. Id.; see also Grimes v. Suzukawa, 262 Va. 330, 332, 551 S.E. 2d 644, 646 (2001)(holding a plaintiff who was sexually assaulted by a defendant wearing a mask could not rely on the tolling provision in § 8.01-229(D)); Flick v. Wyeth LLC, No. 3:12–cv–12, 2012 WL 4458181, *3 (W.D. Va. June 6, 2012)(holding § 8.01-229(D) not applicable in products liability case alleging defendants systematically sought to hide and downplay risks associated with certain drugs.)

The Herbaughs argue that a letter attached to their complaint demonstrates why the five year statute of limitations should be tolled in this case. ECF No. 31, 7–8. The letter states that BANA and Fannie Mae provided contradictory responses regarding the ownership of the Property from October 2010 to late spring of 2011 and that BANA expressed a willingness to reach an agreement as to the Property through April 30, 2012. ECF No. 16—3.

The Herbaughs allege that BANA and Fannie Mae provided the Herbaughs with conflicting accounts as to which of the two entities owned the Property after foreclosure. Id. Any alleged confusion as to ownership of the Property following foreclosure had no bearing on the Herbaughs'

8

ability to file a lawsuit relating to deficient pre-acceleration notice, and therefore was no impediment to their doing so within the limitations period. While the Herbaughs allege that they were getting mixed signals from BANA and Fannie Mae as to the ownership of the Property following foreclosure, their ensuing confusion did not obstruct them from filing a deficient notice claim. Indeed, in the suit they ultimately filed, the Herbaughs sued both BANA and Fannie Mae. In short, the alleged mixed signals provided by BANA and Fannie Mae did not prevent the Herbaughs from bringing a claim for the deficient notice and does not constitute obstruction under Virginia Code § 8.01-229(D)(ii). Likewise, BANA's willingness to work out an arrangement whereby the Herbaughs could retain the Property did not obstruct the Herbaughs' from filing suit against Defendants.

The Herbaughs do not allege facts that Defendants concealed information that gives rise to this lawsuit or was necessary to file this lawsuit. The lawsuit is based on faulty pre-acceleration notice. Ownership of the Property from October 2010 to the fall of 2011 has no bearing on such a claim. Knowledge as to whether Fannie Mae or BANA owned the Property following foreclosure may well have been significant in the Herbaughs' attempt to retain possession of their home, but it immaterial in a lawsuit alleging pre-foreclosure breach of contract based upon deficient notice.

As such, tolling under Va. Code § 8.01-229(D)(ii) is not appropriate in this case.

## C.

In considering the bar of the statute of limitations, the court must determine when the cause of action accrued. Hanback v. DRHI, Inc., 94 F. Supp. 3d 753, 759 (E.D. Va. 2015). The Herbaughs allege that the Defendants repeatedly breached the Acceleration Clauses. Specifically, the Herbaughs allege Defendants breached the Acceleration Clauses when they: (1) instructed White to foreclose on the Property, ECF No. 16, ¶ 17; (2) caused White to advertise the foreclosure of the Property, id. at ¶ 19; (3) executed a trustee's deed on February 16, 2010, id. at ¶ 25; (4) recorded the trustee's deed in public land records on September 17, 2010, id. at ¶ 26; (5) made negative credit

9

reports related to the foreclosure of the Herbaughs' home, id. at ¶ 27; (6) filed an unlawful detainer action in the General District Court of Warren County, Virginia, id. at ¶ 30; (7) received a favorable judgment in the unlawful detainer case, id. at ¶ 32; (8) pursued eviction of the Herbaughs in the unlawful detainer action, id. at ¶ 31; (9) and contested and settled the Herbaughs' appeal of the unlawful detainer judgment, id. at ¶ 34.

The limitations period commences on the date of the alleged breach. Va. Code § 8.01-230; Arrington, 250 Va. at 55, 458 S.E.2d at 290-91; Legard v. EQT Production Co., No. 1:10–cv–41, 2011 WL 86598, *4 (W.D. Va. January 11, 2011).

The Herbaughs' claims rely entirely on alleged deficiencies in the pre-acceleration notice they received. The alleged breaches did not occur at intervals or even continuously,[5] but occurred when Defendants accelerated the mortgage loan and foreclosed on the Property without providing notice required by the Acceleration Clauses. Therefore, the Herbaughs' claim accrued when acceleration occurred.

Though the amended complaint is silent as to the exact date on which acceleration occurred, Defendants argue that acceleration must have occurred prior to February 16, 2010, when the foreclosure sale took place. ECF No. 26, 6-9. As is clear from the allegations of the amended complaint, such a breach had to occur prior to the date of the foreclosure sale, as the Herbaughs allege that White's actions in advertising the foreclosure and conducting the foreclosure sale were in breach of the notice provisions of the Acceleration Clause. ECF No. 16, ¶¶ 16-20. Such allegations comport with the language of the Acceleration Clauses and the necessity that any acceleration of a

---

[5] The case law discussed by the parties comparing continuous and intermittent breaches is inapplicable to the present case. Compare Harvey v. Merrill Lynch Life Ins., No. 3:11–cv–73, 2012 WL 1155711 (W.D. Va. Apr. 5, 2010)(holding that failure by defendant to pay plaintiff $8,300 per month over the course of several years did not arise to a repeated breaches of contract, but rather was a continuation of the defendant's breach in 2001, and therefore the plaintiff's claim was time-barred) with American Physical Therapy Ass'n v. Federation of State Boards of Physical Therapy, 271 Va. 481, 638 S.E. 2d 928 (2006)(allowing claims to proceed where defendant was required to provide notice every time they imposed a new fee) and Hampton Roads Sanitation Dist. v. McDonnell, 234 Va. 235, 360 S.E.2d 841 (1987)(holding that each instance of discharging raw sewage amounted to a separate tort.)

10

mortgage loan occur prior to a foreclosure sale related to the mortgage. Paragraph 22 of the Deed of Trust stipulated that compliant notice must be provided 30 days prior to acceleration and "sale of the Property." ECF Nos. 16, ¶ 11, 26—2, ¶ 22. Thus, breach for failure to provide compliant notice pursuant to paragraph 22 of the Deed of Trust must have occurred before the foreclosure sale of the Property to BANA. As a practical matter, acceleration must occur at the time of or prior to foreclosure, as acceleration is the act which invokes the Note holder's right to foreclose. Upon the foreclosure sale, there is no longer a mortgage loan to accelerate. The court agrees with the Defendants that the face of the complaint reveals that acceleration occurred by February 16, 2010, when White conducted a foreclosure sale and executed a trustee's deed. ECF No 16, ¶¶ 16-20. It is undisputed that the foreclosure sale and execution of the trustee's deed took place on February 16, 2010, more than five years before suit was filed. As such, the Herbaughs' contract claims are barred by the statute of limitations.

## IV.[6]

The Herbaughs contend that Defendants failed to provide proper notice prior to acceleration, a cause of action that accrued no later than the date of the foreclosure sale. Because the foreclosure sale on February 16, 2010 took place more than five years before the date suit was filed on September 17, 2015, and there is no reason to toll the statute of limitations, the Herbaughs' claims must be **DISMISSED with prejudice**.

An appropriate Order will be entered.

Entered: 07-15-2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[6] Because both Counts are time-barred, the court will not address Defendants' other arguments as to why Counts I and II should be dismissed.

11